IN THE

TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00135-CR

 

In re Donald Sanford

 

 



Original
Proceeding

 

 



MEMORANDUM 
Opinion



 

            The
petition for writ of mandamus is denied. 
See In re Batson, No. 10-03-378-CV, 2003 Tex. App. LEXIS 10920 (Tex.
App.—Waco Dec. 31, 2003)(orig. proceeding).

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Writ denied

Opinion delivered and filed July
 28, 2004

Do not publish

[OT06]








 





When faced with a legal insufficiency
claim based upon a variance
between the indictment
and the proof, only a material variance
will render the evidence insufficient. Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim.
App. 2001).  Allegations giving rise to an immaterial variance may
then be disregarded in a hypothetically correct jury charge but allegations
giving rise to material variances must be included.  Id.  A variance is material
if the indictment (1) failed to inform the defendant of the charge against him
sufficiently to allow him to prepare an adequate defense at trial, or (2) does
not describe the offense clearly enough to protect the defendant from being
subjected to the risk of later prosecution for the same crime.  Id.

The indictment alleged that White
“intentionally or knowingly possess[ed] a short barrel firearm, to-wit: a
shotgun with a sawed off barrel measuring 15 3/4 inches.”  At trial, the
evidence showed the barrel length as 16 1/4 inches.

White argues that this variance is
material and prejudiced his substantial rights.  We disagree.  The indictment
specifically alleged the elements of the offense: intentional or knowing possession
of a short-barrel firearm, namely a shotgun.  See Tex. Pen. Code Ann. § 46.05(a)(3).  A
short-barrel shotgun is defined by statute as one with a barrel length of less
than eighteen inches.  See Tex.
Pen. Code Ann. § 46.01(10). 
The record does not suggest that White was confused about the offense with
which he was charged or that his ability to prepare a defense was impaired.  He
was charged with possessing a short-barrel shotgun with a barrel length less
than eighteen inches and this is what the evidence showed.  Nor is White in any
danger of being prosecuted again for the same crime.  The variance is immaterial. 
See Flenteroy v. State,
187 S.W.3d 406, 411 (Tex. Crim. App. 2005) (Finding “variance between the indictment’s allegation of a
‘screwdriver’ and the State’s proof at trial of ‘a hard metal-like object’”
immaterial); see also Gollihar, 46 S.W.3d at 258 (Finding variance
between indictment alleging one go-cart model number and the evidence showing
another model number immaterial).

Although the record shows that the
actual barrel length is 16 1/4 inches rather than 15 3/4 inches as alleged in
the indictment, the evidence at trial established that the barrel length of the
shotgun was within the prohibited range.  The jury could have found beyond a
reasonable doubt that White committed the offense of possession of a prohibited
weapon, namely a short-barrel shotgun with a barrel length less than eighteen
inches.  See Jackson, 443 U.S. at 318-19, 99 S. Ct.
at 2789; see also Bigon, 252 S.W.3d at 366.  We
overrule point two.

The judgment is affirmed. 

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed July 1, 2009

Do not publish

[CR25]